[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

No. 13-15871

————————

D.C. Docket No.  8:11-cv-02056-EAK-TBM

BROADCAST MUSIC, INC.,
SONY/ATV SONGS LLC,
d.b.a Sony/ATV Acuff Rose Music,
THE BERNARD EDWARDS COMPANY, LLC,
R-KEY DARKUS PUBLISHING,
ORBI-LEE PUBLISHING, et al.,

Plaintiffs - Appellees,

versus

EVIE'S TAVERN ELLENTON, INC.,
d.b.a Elvie's Tavern Ellenton,
MICHAEL EVANOFF,
individually,

Defendants - Appellants.

————————

Appeal from the United States District Court
for the Middle District of Florida

————————

(November 21, 2014)

Before ED CARNES, Chief Judge, and RESTANI,[*] Judge, and MERRYDAY,[**] District Judge.

RESTANI, Judge:

This appeal follows the district court's grant of summary judgment in the Appellees' favor. Appellants argue that summary judgment was granted improperly because there are genuine issues of material fact as to the copyright ownership of the musical compositions at issue and as to whether they were innocent infringers. Appellants also contest the district court's award of attorneys' fees and its imposition of a permanent injunction. After careful review, and with the benefit of oral argument, we affirm.

## BACKGROUND

Appellee Broadcast Music, Inc. ("BMI") is a "performing rights society" that enters into nonexclusive licenses with copyright owners to publicly perform copyrighted musical compositions. The remaining Appellees are the copyright owners with whom BMI contracted. BMI's agreements with the copyright owners give BMI the right to operate as the copyright owners' "true and lawful attorney." The agreements further note that any actions commenced by BMI to recover for copyright infringement will be for BMI's sole benefit, even if BMI decides to join

---

[*] Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation

[**] Honorable Steven D. Merryday, United States District Judge for the Middle District of Florida, sitting by designation.

the copyright owner as a party to the suit.  Once BMI has acquired the nonexclusive right to publicly perform the musical compositions from the copyright owners, it contracts with third parties (broadcasters, music halls, bar owners, restaurants, etc.) to perform these musical compositions at their establishments.

BMI and the other Appellees brought a copyright infringement action against Evie's Tavern Ellenton, Inc., and its owner Michael Evanoff (collectively, "Appellants").  Originally, Appellees asserted that the Appellants publicly performed six copyrighted works without a license despite numerous cease and desist letters and phone calls.  Based on the declarations, affidavits, and exhibits submitted by Appellees, the district court granted summary judgment in the Appellees' favor on five of the six musical compositions.[1]  Summary judgment was awarded over Appellants' objections that Appellees had failed to establish a proper chain of title for each work.  Appellants now appeal the summary judgment award and maintain that there are material issues of fact in the chain of title for each of the five titles.  Appellants further assert that they were innocent infringers and the district court should have reduced the statutory damages imposed accordingly.  Finally, Appellants challenge the district court's attorneys' fees award and permanent injunction.

_____

[1] Appellees subsequently dropped their copyright infringement claim based on the sixth title, "You Dropped a Bomb on Me."

3

## STANDARD OF REVIEW

A district court's order granting summary judgment is reviewed de novo. Johnson v. Governor of Fla., 405 F.3d 1214, 1217 (11th Cir. 2005). In undertaking such a review, the court "view[s] the record and draw[s] all reasonable inferences in the light most favorable to the non-moving party." Johnson, 405 F.3d at 1217. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Attorneys' fees and permanent injunctions awarded under the Copyright Act are reviewed for abuse of discretion. eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006); Montgomery v. Noga, 168 F.3d 1282, 1303 (11th Cir. 1999). "[T]he abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." In re Rasberry, 24 F.3d 159, 168 (11th Cir. 1994) (internal quotation marks omitted). It is an abuse of discretion for the district court to misapply the law or base its decision on clearly erroneous findings of fact. Mincey v. Head, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000).

## DISCUSSION

### I.    Chains of Title

When a plaintiff is challenging the unauthorized public performance of a

4

copyrighted musical composition, the plaintiff must show:

> (1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that plaintiffs are the proprietors of the copyrights of the compositions involved in the action; (4) that the compositions were performed publicly by the defendant; and (5) that the defendant had not receive permission from any of the plaintiffs or their representatives for such performance.

E Beats Music v. Andrews, 433 F. Supp. 2d 1322, 1325 (M.D. Ga. 2006). This appeal focuses on the third prong, as Appellants allege that there are material questions of fact as to whether Appellees are the proprietors of the copyrights.

Under Federal Rule of Civil Procedure 61, an error is not grounds for vacating or disturbing a judgment or order unless justice requires otherwise. Fed. R. Civ. P. 61. Courts are instructed to "disregard all errors and defects that do not affect any party's substantial rights." Id. Here, the district court properly granted summary judgment in BMI's favor on each of the five titles at issue on appeal.[2]

---

[2] BMI was able to maintain copyright infringement actions for each title by establishing a valid license with at least one co-owner of each song that is a party to this case. Previously, the Eleventh Circuit has not explicitly adopted the rule set forth by the Second Circuit in Davis v. Blige, 505 F.3d 90, 99 (2d Cir. 2007), that a copyright co-owner may maintain and recover in a copyright infringement action without joining other co-owners. We do so now. The Second Circuit derived the rule partly from 17 U.S.C. § 501(b), which states that the court "may require" an owner of a copyright to serve notice on and join a person who has or claims an interest in the copyright. Davis, 505 F.3d at 99. The rule is further supported by the Copyright Act's legislative history and the general rights of copyright ownership. See H.R. Rep. 94-1476, at 121 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5736 ("[C]oowners of a copyright [are] treated generally as tenants in common, with each coowner having an independent right to use or license the use of a work, subject to a duty of accounting to the other coowners for any profits." ); 1 Melville B. Nimmer and David Nimmer, Nimmer on Copyright § 6.10[A][1]–[2][a] (Matthew Bender, Rev. Ed.) (noting that co-owners may exploit the work and grant licenses); 3 Nimmer on Copyright § 12.03 (noting that under the statute, courts have "discretion as to whether to require joinder of

Because BMI's agreements specify that any actions commenced by BMI to recover for copyright infringement will be for BMI's sole benefit, Appellants' substantial rights were impacted only by BMI's ability to maintain a copyright infringement action.  Further, as BMI has agreed to be responsible for all costs and expenses of the Appellees that are incurred pursuing copyright infringement actions based on the titles BMI licenses from copyright owners, the number of them to whom summary judgment is granted makes no difference in the award of damages, attorneys' fees, and costs.  Accordingly, because the district court properly granted summary judgment in BMI's favor on each title, any error in granting summary judgment to other Appellees was harmless, and the district court's summary judgment award is affirmed.

## A. "Good Times a/k/a Rapper's Delight"

With regard to "Good Times a/k/a Rapper's Delight," the district court correctly granted summary judgment in favor of The Bernard Edwards Company, LLC and BMI.  The district court incorrectly granted summary judgment in favor of Appellee Sony/ATV Songs LLC ("Sony"), because there is a genuine issue of material fact as to the chain of title that allegedly passed copyright ownership to Sony.  As BMI would have been granted summary judgment even without Sony's

a person having or claiming an interest in the copyright.").

6

involvement in the case, Appellants' substantial rights were not impacted by the erroneous summary judgment award in favor of Sony and the error was harmless.

Appellants challenge the chain of title to BMI based on a purported assignment by the original copyright owner, Chic Music, Inc., to Plan-9 Music, Inc. and Bernard Edwards Productions, Inc. This alleged assignment was later amended to be an assignment to the song's original authors Bernard Edwards and Nile Rogers. Whether the title was assigned to Bernard Edwards or Bernard Edwards Productions, Inc. is irrelevant. When Bernard Edwards died in 1996, because the copyright period had not expired his 50% ownership interest in "Good Times" reverted to his estate, even if he had assigned it previously to another party, Bernard Edwards Productions, Inc. Stewart v. Abend, 495 U.S. 207, 219–20 (1990). Appellants have not raised a genuine issue of material fact regarding the chain of title to BMI after Bernard Edwards's death and the record supports a sound chain of title for this 50% interest, represented in the case as The Bernard Edwards Company, LLC. Further, since 2000, BMI has had a valid licensing agreement with The Bernard Edwards Company, LLC. Accordingly, because a copyright infringement claim can be maintained by a co-owner without joining the other co-owners, Davis v. Blige, 505 F.3d 90, 99 (2d Cir. 2007); see also, supra, note 2, The Bernard Edwards Company, LLC and BMI are entitled to summary judgment. The district court's decision granting summary judgment is therefore

affirmed.

B.  "Oh, Pretty Woman a/k/a Pretty Woman"

Appellants' attempts to manufacture a genuine issue of fact with respect to this title are meritless.  They claim that Appellees asserted through the sworn declaration of Michael Zarr that the song's copyright was renewed in 1992 by Acuff-Rose Publications, Inc., a company that ceased to exist in 1985, and therefore that the agreement between BMI and Acuff-Rose Music, Inc. did not create a valid license.  Even if there is a deficiency in the renewal paperwork, and the copyright was renewed only by William Dees p/k/a Bill Dees, Acuff-Rose Music, Inc. was later assigned an interest in the title by Wesley K. Orbison.  Accordingly, BMI has a valid licensing agreement through its agreement with Acuff-Rose Music, Inc.  Therefore the district court properly granted summary judgment on this title and the award is affirmed.

C. "Kryptonite"

In 2000, Escatawpa Songs, a four-member partnership, obtained a copyright registration for "Kryptonite."  On March 31, 2000, Escatawpa Songs assigned a 50% ownership right to Songs of Universal, Inc.[3]  As of February 1, 1995, BMI has had a valid licensing agreement that has not yet terminated with Songs of

---

[3] The district court noted that only Matthew Darrick Roberts and Christopher Lee Henerson transferred their interests to Songs of Universal.  The contract, however, clearly states that a 50% interest was transferred to Songs of Universal and a 50% interest was transferred to the four persons doing business as Escatawpa Songs.

Universal, Inc.[4]  BMI also has a valid licensing agreement with Escatawpa Songs dated Nov. 22, 1999.  Appellants' argument that the March 31, 2000, assignment transferred a 50% interest to the members of Escatawpa Songs individually is contradicted by the express terms of the agreement which lists the members d/b/a Escatawpa Songs.  Accordingly, the summary judgment award is affirmed.

D. "Angry All The Time"

The copyright for "Angry All the Time" was registered to Bruce Robison Music and Tiltawhirl Music.  As is clear from the registration form, an authorized agent of Carnival Music registered the song on behalf of Tiltawhirl Music.  This is further established in BMI's agreement with Carnival Music, where it specifically notes that it is doing business as Tiltawhirl Music.  Accordingly, the licensing agreement between BMI and Carnival Music doing business as Tiltawhirl Music validly licenses the title to BMI.  Further, although not every word of the licensing agreement between Bruce Robison Music and BMI is legible, it is clear that it is a licensing agreement between BMI and Bruce Ben Robison doing business as Bruce Robison Music, and that it is signed.  Accordingly, the summary judgment award is affirmed.

E. "Bring Me to Life"

The record clearly establishes that in 2003, Zombies Ate My Publishing,

---

[4] The agreement originally was with Music Corporation of America, Inc., which legally changed its name to Songs of Universal, Inc.

Forthefallen Publishing, and Dwight Fry Music, Inc. registered the copyright for

"Bring Me to Life." Appellants do not challenge the licensing agreements between

Zombies Ate My Publishing and Forthefallen Publishing and BMI. Because co-

owners may bring claims independently of the other co-owners, BMI's claims

based on licenses from Zombies Ate My Publishing and Forthefallen Publishing

are valid and summary judgment was properly awarded to BMI, Zombies Ate My

Publishing, and Forthefallen Publishing. Davis, 505 F.3d at 99. Although the

district court improperly granted summary judgment in State One Music America's

favor, because there is a genuine issue of material fact as to whether it is a licensee

of the copyright, because BMI is still able to maintain a copyright infringement

action on this title, the error was harmless and the award is affirmed.

## II.    Innocent Infringement

Appellants' argument that the disputed fact of whether or not they were

innocent infringers was sufficient to survive a motion for summary judgment is

misplaced.[5] The district court did not need to make a finding as to whether

Appellants' infringement was innocent or willful to grant summary judgment or to

award statutory damages within the default range. See Cable/Home Commc'n

Corp., 902 F.2d at 852 (describing the discretion given to trial courts in awarding

---

[5] As Appellants are not entitled to a trial on the award of damages as long as the award is within
the statutory limits, the court treats this argument as whether the district court abused its
discretion and not whether the summary judgment award was proper. See Cable/Home
Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 853 (11th Cir. 1990).

statutory damages and that the court "<u>may</u> take into account the attitude and conduct of the parties" (emphasis added)); <u>Cass Country Music Co. v. C.H.L.R., Inc.</u>, 88 F.3d 635, 637 (8th Cir. 1996) (explaining that "the state of mind of the copyright infringer is of no consequence to liability"); <u>Quartet Music v. Kissimmee Broad., Inc.</u>, 795 F. Supp. 1100, 1104 (M.D. Fla. 1992) (same).  The district court did not specifically find that Appellants acted willfully, rather it exercised its discretion in refusing to reduce the statutory damages below the normally applicable minimum.  The courts have wide discretion in awarding damages within the statutory range provided in § 504(c),[6] and here the district court's imposition of damages was not an abuse of discretion.  17 U.S.C. § 504(c); <u>Cable/Home Commc'n Corp.</u>, 902 F.2d at 852.

In calculating damages, courts generally consider: (1) the infringers' blameworthiness (willful, knowing, or innocent); (2) the expenses saved and the profits reaped by the defendants in connection with the infringement; (3) the revenues lost by the plaintiffs due to the defendants' conduct; and (4) the deterrent value of the damages imposed.  See <u>F.W. Woolworth Co. v. Contemporary Arts</u>, 344 U.S. 228, 229–30 (1952); <u>Montgomery</u>, 168 F.3d at 1295 n.19, 1296;

---

[6] 17 U.S.C. § 504(c) provides in pertinent part:
> (2) . . . In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, <u>the court in its discretion may</u> reduce the award of statutory damages to a sum of not less than $200. (emphasis added).

Cable/Home Commc'n Corp., 902 F.2d at 852.  The district court's decision considered all of the appropriate factors, its damages determination was plausible, and thus the award of statutory damages was not an abuse of discretion. Accordingly, the damages determination is affirmed.

### III.    Attorneys' Fees

Attorneys' fees awarded under the Copyright Act are reviewed for an abuse of discretion.  Montgomery, 168 F.3d at 1303.  Here, the district court did not abuse that discretion in awarding attorneys' fees to the Appellees.  "There is no precise rule or formula for making [the determination to award attorneys' fees,] but instead equitable discretion should be exercised . . . ."  Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994) (internal quotation marks omitted).  Here, the district court awarded attorneys' fees because the infringement was done with knowledge, resulted in hotly contested legal action, and because of the effort Appellees exerted prior to this lawsuit.  The district court also found that because Appellants' arguments proved futile, and the matter could have been resolved for a relatively small amount of money, an award of attorneys' fees was appropriate.  Because the district court properly considered the "frivolousness, motivation, objective unreasonableness . . . and the need in [the] particular circumstances to advance consideration of compensation and deterrence," it was not an abuse of discretion to award attorneys' fees.  Id. at 534 n.19.  Accordingly, the district court's decision

12

awarding attorneys' fees is affirmed.

## IV.    Permanent Injunction

A district court's imposition of a permanent injunction is reviewed for abuse

of discretion.  eBay, 547 U.S. at 391.  The decision to grant a permanent injunction

must be based on the plaintiffs' demonstration:

> (1) that [the plaintiffs have] suffered an irreparable injury; (2) that
> remedies available at law, such as monetary damages, are inadequate
> to compensate for that injury; (3) that, considering the balance of
> hardships between the plaintiff[s] and defendant[s], a remedy in
> equity is warranted; and (4) that the public interest would not be
> disserved by a permanent injunction.

Id.  Appellants argue that the district court abused its discretion when it

granted Appellees a permanent injunction because the district court failed to

make specific findings on each of the four eBay factors.  In its order granting

the injunction, as well as its original order denying the injunction, however,

the district court expressly referenced the four factors required in the

permanent injunction analysis.  Further, in briefing the issue, Appellees

complied with the district court's instructions and specifically enumerated

the reasons they satisfied each of the four eBay factors.  The district court

then specifically accepted Appellees' reasoning, stating "[t]he Court finds

that the Plaintiff has adequately set out a basis for the entry of a permanent

injunction in this case and addressed the four relevant factors."

Accordingly, the district court adequately evaluated the eBay factors and it

13

was not a clear error of judgment to award a permanent injunction.  See

eBay, 547 U.S. at 391; In re Rasberry, 24 F.3d at 168.  The district court's

order imposing the permanent injunction is therefore affirmed.

## CONCLUSION

For the foregoing reasons, the district court's orders granting summary

judgment and awarding damages, attorneys' fees, and a permanent injunction are

AFFIRMED.