[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13793
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00401-SLB-JEO

ORLANDO HOBBS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 3, 2017)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Orlando Hobbs, a federal prisoner proceeding pro se, seeks relief under the Federal Tort Claims Act.[1]  He claims that the prison officials who treated his spinal condition committed medical malpractice.  The district court granted summary judgment to the United States, and Hobbs appeals that decision. He argues that summary judgment was improper because the district court erroneously denied his request for expert assistance.  We agree.  We vacate the district court's grant of summary judgment and remand for further proceedings.[2]

I

On the same day that Hobbs filed his complaint against the United States, he filed a motion requesting that the district court order two prison physicians, Dr. Robert Robinson and Dr. Sean O'Malley, to offer medical evidence on his behalf. The motion stated in part:

> A plaintiff in a medical malpractice action must . . . present expert testimony establishing a causal connection between the defendant's acts . . . and the injury suffered by the plaintiff. . . .  Acknowledging this burden, as well as Hobbs['s] pro se status, it would seem just and proper that the court enter an [o]rder requiring [Dr. Robinson and Dr. O'Malley] to provide affidavits on matters relevant to Hobbs['s] initial diagnoses, injury, and treatment.

---

[1] Because Hobbs is pro se, we liberally construe his pleadings.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

[2] In addition to his expert-assistance claim, Hobbs asserts that summary judgment was inappropriate because he established a triable issue of medical malpractice.  Given our decision to vacate the district court's grant of summary judgment based on the expert-assistance claim, we need not address this argument.

The district court, construing this request as a request for discovery, denied the request as premature.  The United States later submitted sworn declarations from Dr. Robinson and Dr. O'Malley, but Hobbs, concerned about his evidentiary burden, continued to request that the court order the physicians to, among other things, provide affidavits on his behalf.  The district court's order granting the United States summary judgment addressed Hobbs's renewed request.

The district court's summary judgment order adopted a magistrate judge's Report and Recommendation (R&R).  The magistrate judge concluded that, since Dr. Robinson and Dr. O'Malley submitted declarations adverse to Hobbs, the district court could not compel them to offer testimony on Hobbs's behalf.  The judge also construed Hobbs's request for assistance from Dr. Robinson and Dr. O'Malley as a general request for the appointment of an expert, and found that the district court had no obligation to provide Hobbs an independent expert medical witness:

> [T]he plaintiff does not point to any authority directing the court to provide for or compel an expert to testify for the plaintiff's benefit.  *See Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995) ("The plain language of [28 U.S.C. §] 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant.").  In *Boring v. Kozakiewicz*, former pretrial detainees alleged that county officials denied them medical treatment.  833 F.2d 468 (3rd Cir. 1987).  [The Third Circuit Court of Appeals] . . . [upheld] the district court's refusal to pay for an expert medical witness for the plaintiffs . . . .

> Similarly, this court is not obligated to pay for or compel
> an expert to testify on the plaintiff's behalf.

*Hobbs v. United States*, No. 14-00401, 2015 WL 4641507, at *12 (N.D. Ala. Aug. 4, 2015).  The district court adopted and rearticulated these findings in its summary judgment order.  *See id.* at *1 ("[Dr. Robinson and Dr. O'Malley] cannot be directed to provide testimony contrary to their sworn declarations to benefit the plaintiff.  Neither has the plaintiff pointed to any authority directing the court to provide for or compel an expert to testify on his behalf.").

## II

We review for abuse of discretion the denial of a request for appointment of an expert to assist a party.  *Bass v. Perrin*, 170 F.3d 1312, 1319 (11th Cir. 1999).  "[T]he abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment."  *Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1257 (11th Cir. 2014) (internal quotation marks omitted).  "It is an abuse of discretion for the district court to misapply the law or base its decision on clearly erroneous findings of fact."  *Id.*

Under Federal Rule of Evidence 706(a), a district court has "discretionary power to appoint an expert witness" on the motion of a party.  *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996).  When a plaintiff "invoke[s] exercise of that discretion" and "[t]he case is one that by its nature warrants consideration of the

possible need" for an expert, the plaintiff is "entitled to a reasoned ruling" on whether an expert should be appointed. *See id.* (finding that the district court abused its discretion in denying the plaintiff's request for expert assistance because the court did not "exercise[] and reflect[] in a reasoned ruling" its Rule 706(a) discretion).

Here, the district court abused its discretion in denying Hobbs's request for expert assistance. The court misapplied the law as set forth in Rule 706(a) and *Steele*. *See Evie's Tavern Ellenton*, 772 F.3d at 1257.

The district court was required to exercise its Rule 706(a) discretion and issue a "reasoned ruling" because Hobbs invoked the court's Rule 706(a) discretion and his case warrants consideration of the need for an expert. *See Steele*, 87 F.3d at 1271. First, liberally construing Hobbs's request for an order requiring Dr. Robinson and Dr. O'Malley to assist him, *see Tannenbaum*, 148 F.3d at 1263, the request invoked the district court's Rule 706(a) discretion to appoint an expert witness. Indeed, the request led the magistrate judge, and in turn the district court, to consider whether Hobbs was entitled to the appointment of an independent expert medical witness. Second, Hobbs's case "by its nature warrants consideration of the possible need" for an expert. *See Steele*, 87 F.3d at 1271. The case implicates issues related to (1) the appropriate standard of medical care for a prisoner with spinal injuries and (2) the cause of Hobbs's spinal condition. *See id.*

(concluding that the plaintiff's case warranted consideration of an expert since the "appropriate standard of psychiatric care" was at issue).

Yet the district court, in adopting the magistrate judge's R&R, overlooked the court's Rule 706(a) discretionary power, and instead required Hobbs to identify authority compelling the court to provide Hobbs expert assistance.  The district court did not exercise its Rule 706(a) discretion, much less issue a "reasoned ruling" consistent with its duty under *Steele*.  *See id.*  Accordingly, the court abused its discretion in disposing of Hobbs's request for expert assistance.  *See id.*

### III

Because the district court erroneously denied Hobbs's request for expert assistance, we vacate the court's grant of summary judgment and remand for further proceedings consistent with this opinion.[3]  *See Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013) (per curiam) ("Summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition.").  "We emphasize that we do not here offer any opinion on the propriety of appointing an expert witness; we only direct that discretion on the matter be exercised and reflected in a reasoned ruling."  *See Steele*, 87 F.3d at 1271.

---

[3] We note that Hobbs might "need[] help in presenting the essential merits" of, among other things, his claim for expert assistance, and he therefore may be entitled to appointment of counsel on remand, should he request such an appointment. *Cf. Steele*, 87 F.3d at 1271 (citing *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).

**AFFIRMED IN PART,[4] VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**

---

[4] To the extent that Hobbs challenges the district court's decision not to compel Dr. Robinson and Dr. O'Malley to offer affidavits on Hobbs's behalf, the challenge is unavailing. We affirm that decision.

JORDAN, Circuit Judge, concurring.

Although Mr. Hobbs asked only that Drs. Robinson and O'Malley provide medical affidavits on his behalf, I concur because the magistrate judge appears to have construed Mr. Hobbs' *pro se* motion as alternatively requesting the assistance of an expert. *See* Report & Recommendation, D.E. 39, at 25. Having considered the motion in this way, the magistrate judge incorrectly stated that there was no provision of federal law that provided for the appointment of expert witnesses under these circumstances. As the court explains, Federal Rule of Evidence 706 is such a source of authority and must be considered on remand. I note as well that the court's opinion does not pass on whether sovereign immunity concerns may impact the applicability of Rule 706 in a case like this one involving the federal government.